**IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION TO SEVER** |
| | ) | |
| vs. | ) | Case No. 1:10-cr-059-2 |
| | ) | |
| Robin L. Iron Shield, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the Defendant's "Motion to Sever" filed on September 22, 2010. See Docket No. 35. The Government filed a response in opposition to the motion on September 23, 2010. See Docket No. 38. The Court denies the motion to sever for the reasons set forth below.

**I.   BACKGROUND**

On July 13, 2010, the defendants, Bruce B. Kills in Water, Jr. and Robin L. Iron Shield, were jointly indicted, each with a separate count of sexual abuse of a minor. See Docket No. 15. A jury trial is scheduled to begin on March 1, 2011. Iron Shield contends that he will be prejudiced if there is a joint trial for both defendants. The Government contends that the charges are properly joined and that the trial should not be severed.

**II.   LEGAL DISCUSSION**

Rule 8(b) of the Federal Rules of Criminal Procedure establishes that an "indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. . . ."

There is no issue of misjoinder in violation of Rule 8.  Iron Shield claims, instead, that the joinder is prejudicial and requests relief pursuant to Rule 14 of the Federal Rules of Criminal Procedure.

Rule 14 provides relief from prejudicial joinder as follows:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).  A severance under Rule 14 should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  Zafiro v. United States, 506 U.S. 534, 539 (1993).  However, a defendant is "not entitled to severance merely because they may have a better chance of acquittal in separate trials."  Id. at 540.  The defendant has the heavy burden to demonstrate real prejudice.  United States v. Sandstrom, 594 F.3d 634, 644 (8th Cir. 2010).  It is well-established that "[a] defendant can demonstrate real prejudice to his right to a fair trial by showing (a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants."  United States v. Washington, 318 F.3d 845, 858 (8th Cir. 2003) (citing United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995)).

Iron Shield contends:

> The differences between Iron Shield and Kills in Water, Jr., is that there is physical, DNA evidence allegedly found to be associated with Kills in Water, Jr.  There is DNA evidence that, in essence, excludes Iron Shield as a contributor to the DNA found at the scene of the alleged crime.  The victim of Kills in Water, Jr. stated that sexual intercourse occurred.  The "victim" of Iron Shield has steadfastly denied any sexual intercourse between Iron Shield and herself.
>
> . . . In the even[t] of a joint trial, it will be highly prejudicial to Iron Shield to have evidence only applicable to Kills in Water, Jr., introduced at trial, and have the jury

compartmentalize the separate evidence only against him.  Iron Shield's defense that he did not commit the offense is irreconcilable with the defense of his co-defendant, Mr. Kills in Water, Jr.

See Docket No. 35.

### A.    IRRECONCILABLE DEFENSES

"[A] defense is irreconcilable when the jury, to believe the core of one defense, must necessarily disbelieve the core of another." United States v. Lewis, 557 F.3d 601, 610 (8th Cir. 2009) (brackets in original) (quoting United States v. Johnson, 944 F.2d 396, 403 (8th Cir. 1991)). "Mutually antagonistic defenses are not prejudicial *per se*.  Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."  Zafiro, 506 U.S. at 538-39.

Iron Shield contends his defense that he did not commit the crime of sexual abuse of a minor is irreconcilable with Kills in Water's defense.  However, Iron Shield does not state how the two defenses are irreconcilable or even what Kills in Water is claiming as a defense.  Iron Shield only asserts that there is an admission that intercourse occurred as well as DNA evidence against Kills in Water, but Iron Shield's victim has denied engaging in sexual intercourse.  The Court finds Iron Shield has failed to establish that his defense is irreconcilable with co-defendant Kills in Water's defense.

### B.    COMPARTMENTALIZING THE EVIDENCE

A defendant can demonstrate prejudice "by showing that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants because of a 'prejudicial

spillover effect.'" United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006). "Severance is never warranted simply because the evidence against one defendant is more damaging than that against another, even if the likelihood of the latter's acquittal is thereby decreased." Id. (internal citations omitted). A defendant must make a "specific showing that a jury could not reasonably be expected to compartmentalize the evidence." Id. (citing United States v. Lueth, 807 F.2d 719, 731 (8th Cir. 1986)). In assessing the jury's ability to compartmentalize the evidence against joint defendants, the court should give consideration to the complexity of the case and the adequacy of the jury instructions, along with admonitions to be given to the jury. United States v. Frank, 354 F.3d 910, 920 (8th Cir. 2004).

Iron Shield asserts that there is DNA evidence against Kills in Water and that Kills in Water's victim stated that sexual intercourse occurred while Iron Shield's alleged victim has denied that any sexual intercourse occurred. As a result, Iron Shield argues that a jury would be unable to compartmentalize this evidence and the spillover effect would make it impossible for him to receive a fair trial.

The Court finds that this case is not unusually complex. It involves only two defendants, each charged with one count of sexual abuse of a minor. While each defendant is charged with engaging in a sexual act with a different victim, the charges are alleged to have occurred at the same time and location. Further, the Court routinely gives jury instructions in multiple-defendant cases to minimize any potential spillover effect which is a better way to cure the risk of prejudice. See United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004) ("The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions.") (citing United States v. Delpit, 94 F.3d 1134, 1143-44 (8th Cir. 1996)). The Court finds that Iron Shield has failed to establish that the

jury will be unable to compartmentalize the evidence, or that he will be prejudiced by a joint trial with co-defendant Kills in Water.

### III.     CONCLUSION

The Court expressly finds that Iron Shield has failed to meet his heavy burden to establish that joinder will create real prejudice to his right to a fair trial. The Court will adequately address any risk of prejudice through careful and thorough jury instructions. Thus, the Court **DENIES** the Defendant's Motion to Sever (Docket No. 35).

**IT IS SO ORDERED.**

Dated this 7th day of October, 2010.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, District Judge
> United States District Court